UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORDON NOVORITA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, and | ) |
| PAUL SRODULSKI, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES Plaintiff, Jordon Novorita, by and through his attorney, Amanda Yarusso, complaining of Defendants City of Chicago and Paul Srodulski to hold Defendants liable and accountable for excessive use of force against Plaintiff. In support, Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff Jordon Novorita is an adult Indiana resident who was in the City of Chicago at the time of the events that gave rise to his claim.

2. Paul Srodulski is a Chicago police officer who committed the acts described in this Complaint as an employee and agent of the City of Chicago. Defendant Srodulski engaged in the conduct complained of in the course and scope of his employment and under color of law.

3. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant Srodulski.

**JURISDICTION AND VENUE**

4. Jurisdiction for Plaintiff's excessive force claim is based on 28 U.S.C. §§ 1331 and 1343(a).

5. Venue is proper under 28 U.S.C. § 1391(b). The Defendant City of Chicago is a

municipal corporation located here. Defendant Srodulski, upon information and belief, also resides in this judicial district (i.e. Chicago) as a requirement of his employment. Additionally, the events giving rise to the claims asserted herein occurred in Chicago, which is within this judicial district.

**FACTS**

6. On August 28, 2022, shortly after midnight, Plaintiff was present at or near 3545 East 95th Street in Chicago where many people were gathered and watching some individuals engaging in drifting and other stunts using their cars.

7. Defendant Srodulski was also present at the location, along with several other police officers who had responded to the gathering.

8. At some point Plaintiff approached a police vehicle, SUV model, and made contact with the rear of the vehicle by placing his hands at the top of the back of the vehicle and stepping his foot on the rear bumper.

9. Defendant Srodulski saw Plaintiff touching the police vehicle and quickly approached Plaintiff from behind.

10. As soon as Defendant Srodulski got to Plaintiff, he grabbed Plaintiff from behind and threw Plaintiff to the ground smashing Plaintiff's face into the street.

11. Plaintiff sustained severe injuries as a result of being thrown to the ground, face first, by Defendant Srodulski, including loosened and knocked out teeth, a laceration to his lip, a bloodied nose and other facial abrasions.

12. Plaintiff was taken to the hospital for his injuries.

13. Prior to Defendant Srodulski grabbing and slamming Plaintiff to the ground, Defendant Srodulski did not give any verbal warnings or orders to Plaintiff.

14. Prior to Defendant Srodulski grabbing and slamming Plaintiff to the ground, Defendant Srodulski did not tell Plaintiff he was under arrest.

15. Prior to Defendant Srodulski grabbing and slamming Plaintiff to the ground, Defendant Srodulski did not announce himself or police presence.

16. Prior to Defendant Srodulski grabbing and slamming Plaintiff to the ground, Defendant Srodulski did not observe Plaintiff with any weapons.

17. Prior to Defendant Srodulski grabbing and slamming Plaintiff to the ground, Defendant Srodulski did not hear Plaintiff threaten anyone with physical harm.

18. Prior to Defendant Srodulski grabbing and slamming Plaintiff to the ground, Defendant Srodulski did not see Plaintiff physically harming anyone.

19. Prior to Defendant Srodulski grabbing and slamming Plaintiff to the ground, Defendant Srodulski did not attempt to restrain Plaintiff or place Plaintiff in handcuffs.

20. Prior to Defendant Srodulski grabbing and slamming Plaintiff to the ground, Defendant Srodulski did not attempt to use any other lower level of force.

21. No other Chicago police officer observed Plaintiff with a weapon or threatening anyone with physical harm prior to Defendant Srodulski grabbing and slamming Plaintiff to the ground.

22. Plaintiff sought and received follow-up medical treatment after being released from police custody. Plaintiff's teeth have yet to be fully restored.

23. As a result of the Defendant Srodulski's actions, as described in this complaint, Plaintiff suffered physical and emotional pain and injuries.

## COUNT I
### 42 U.S.C. § 1983 - EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

24. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

25. As described in the preceding paragraphs, Defendant Srodulski subjected Plaintiff to excessive force in violation of the Fourth Amendment to the United States Constitution.

26. Plaintiff suffered injuries as the result of Defendant Srodulski's excessive use of force.

27. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages, plus the costs of this action and attorney's fees; in addition, Plaintiff demands punitive damages because Defendant Srodulski acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights.

## COUNT II
### INDEMNIFICATION CLAIM AGAINST DEFENDANT CITY OF CHICAGO PURSUANT TO 745 ILCS 10/9-102

28. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

29. Defendant City of Chicago was the employer of Defendant Srodulski at all times relevant to the complaint.

30. Defendant Srodulski committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Chicago.

- 5 -

**WHEREFORE**, Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the City of Chicago in the amount awarded to Plaintiff and/or against Defendant Srodulski as damages, and for attorney's fees, costs, and interest and/or for any settlement entered into between Plaintiff and Defendants.

### JURY DEMAND

31. Plaintiff demands trial by jury on all claims.

Submitted by:

s/Amanda S. Yarusso
Attorney for Plaintiff Jordon Novorita

Amanda S. Yarusso
1180 N Milwaukee Ave
Chicago, IL 60642
(773) 510-6198
amanda.yarusso@gmail.com